Paulo Cecarino
vs.
Glenlyon Dye Works
} Pet.No.166 W.C.Act.

January 12, 1918

TANNER, P. J.   We are of the opinion that the petitioner is entitled to compensation in accordance with the Act and that he should submit to an operation, which will probably restore his hand so that he may resume work, and that six weeks is a probable time required for said operation.

For petitioner: McGovern & Slattery.

For Respondent:   Gardner, Pierce & Thornley.

---

### 76

Menelaus Epstathion
vs.
John E. Costello et al.
} W.C.A.Pet. No.153

January 18, 1918

TANNER, P. J.   This is a petition for commutation for total disability.

The petitioner is a carpenter by trade.   He received injuries to his left hand, including amputation of the fingers, which have seriously impaired the use of the hand.   While it is probably true that the petitioner has some use of his hand, we are of the opinion that he cannot be considered an able-bodied man for any employment which requires the use of both hands.

The respondents strenuously oppose the commutation and maintain that petitioner is able to do light work.   The petitioner himself, however, has shown a number of attempts to obtain employment at light work which were unsuccessful and other attempts to hold jobs at light work which he was unable to hold because of his disability.   Respondents, on the other hand, have not shown any actual instances of any light work that could in fact be obtained by petitioner, but have merely suggested that he could do certain kinds of light work which they specify and for which they show that help has been advertised.

Respondents cite to us the case of Cardiff Corporation vs. Hall, 4 B. W. C. C. 159.   Upon reading said case we are of the opinion that it is, upon the facts of the case, an authority for the petitioner rather than for the respondents.   The Court in that case said, among other things:   "If the accident has left the workman so in-

jured that he is incapable of becoming an ordinary workman of average capacity in any well-known branch in the labor market, if, in other words, the capacities for work left to him fit him only for special uses and do not,

77

so to speak, make his powers of labor a merchantable article in some well-known line of the labor market, I think it is incumbent on the employer to show that such special employment can in fact be obtained by him.

If I might be allowed to use such an undignified phrase, I should say that if the accident left the workman's labor in the position of an 'odd lot' in the labor market, the employer must show that a customer can be found who will take it. For in such case we are not in truth dealing with fluctuations of the labor market at all. We are dealing with the chance of some one being found who can and will avail himself of the special residus of powers which have been left in the workman, and seeing that it is as a result of the accident that the workman has been made dependent on the finding of such a special employer, it is right that those who are liable to pay him compensation for his loss of earning power should only be allowed to take credit for his partial capacity for work, if they can show that they can actually be made productive of remuneration to him."

The doctrine of this case seems to be that it is necessary that the Court should find that a man can do any kind of light work before it can relieve the employer of the burden of showing that he can actually get and hold some of the kind of work which he is able to do.

We are satisfied that the petitioner in this case cannot do any kind of light work. He has tried several lines in which he was unable to obtain employment and some in which he was unable to hold the job because of his disability.

If this were an application to reduce the compensation on the ground that the petitioner was able to do some work, we should unhesitatingly refuse it for the reasons already given. It is, however, a petition for commutation. While we are satisfied that he will never be able to do every kind of light work, we are not satisfied that he will never be able to do any kind of light work. For this reason we do not feel that we could commute the payments as for a total disability. We think, however, even if the petitioner could get light work which he could do all the time, it is improbable that he could earn more than half what he earned before. We think it is doubtful that he could get any considerable amount of work.

We think, therefore, that, on a fair estimate of probabilities, the defendant ought to pay three-quarters of what he is now paying, capitalized in accordance with the Act.

For petitioner: John L. Curran.

For respondent: Wilson, Gardner & Churchill.